**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MAY DUONG, | DOCKET NUMBER |
| Appellant, | PH-1221-18-0047-W-1 |
| v. | |
| DEPARTMENT OF THE TREASURY, | DATE: August 9, 2023 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>May Duong</u>, Philadelphia, Pennsylvania, pro se.

<u>Ariya McGrew</u>, Esquire, New York, New York, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her individual right of action (IRA) appeal regarding her 5-day suspension.[2]  On petition for review, the appellant argues that

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

[2] The appellant filed an earlier adverse action appeal of her 5-day suspension, which we dismissed for lack of jurisdiction in a separate Final Order.  *Duong v. Department of the Treasury*, MSPB Docket No. PH-752S-17-0143-I-1, Final Order (June 22, 2023).

she exhausted her administrative remedies with the Office of Special Counsel (OSC) and made protected whistleblowing disclosures. Petition for Review (PFR) File, Tab 1 at 5-16. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.[3] Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis that the appellant failed to make a nonfrivolous allegation of a protected disclosure, we AFFIRM the initial decision.[4]

¶2        On review, the appellant does not provide any supporting details about her disclosure of the "bedbug bite issue" to the Equal Employment Opportunity Commission, her union, or in her workers' compensation claim. PFR File, Tab 1

---

[3] The appellant provided over 200 pages of documents with her petition for review. PFR File, Tab 1 at 17-226. We have not considered these documents on review as all of them were in the record below, in the record of her prior Board appeal regarding her 5-day suspension, available to her prior to the close of record, and/or are not material to the dispositive issue of the Board's jurisdiction over this IRA appeal. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980); *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d).

[4] We have reviewed the relevant legislation amending the whistleblower protection statutory scheme enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

at 8; Initial Appeal File (IAF), Tab 1 at 11-12, Tab 5 at 2, 4, 7, 17, 20, 38-39, 48. The administrative judge appears to have construed the appellant's disclosure as relating to the agency's denial of her eligibility for workers' compensation benefits after allegedly suffering a bed bug bite, but there is nothing in the record to suggest that the appellant presented this disclosure in her OSC complaint. IAF, Tab 9, Initial Decision (ID) at 7-8 (citing IAF, Tab 5 at 2). Nevertheless, even assuming that such a disclosure was exhausted before OSC, *see Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011), we agree with the administrative judge's ultimate finding that the appellant failed to make a nonfrivolous allegation of a protected whistleblowing disclosure, ID at 7-9. We modify the initial decision to supplement the administrative judge's analysis to find that the appellant's vague and conclusory assertions about bed bugs or bed bug bites are insufficient to establish IRA appeal jurisdiction. *See El v. Department of Commerce*, 123 M.S.P.R. 76, ¶¶ 7-8 (2015), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016); *Mc Corcle v. Department of Agriculture*, 98 M.S.P.R. 363, ¶ 21 (2005) (requiring an appellant to provide more than vague and conclusory allegations of wrongdoing by agency officials). The appellant identifies nothing on review that would help to explain her disclosures or otherwise indicate a reasonable belief that she disclosed information of the kind protected by 5 U.S.C. § 2302(b)(8).

¶3    The appellant's other arguments on review—including alleged factual errors in the agency's motion to dismiss, the administrative judge's allegedly erroneous finding that no record evidence demonstrated any actual bed bug bite injury, and the merits of her 5-day suspension—do not provide any basis to disturb the initial decision because they do not relate to the dispositive issue of the Board's jurisdiction. *See, e.g.*, PFR File, Tab 1 at 7, 11; *see also Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 7 (2012) (finding that the appellant's arguments on review regarding the merits of the agency's action were not relevant to whether the Board had jurisdiction over her appeal). To the extent that the appellant

belatedly asserts that the agency committed harmful error by issuing the 5-day suspension in August 2016, PFR File, Tab 1 at 14, the Board may not consider such a claim in the context of an IRA appeal, *Salerno v. Department of the Interior*, [123 M.S.P.R. 230](link), ¶ 15 (2016).[5]

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. [5 C.F.R. § 1201.113](link). You may obtain review of this final decision. [5 U.S.C. § 7703](link)(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. [5 U.S.C. § 7703](link)(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[5] As to the appellant's putative claim of reprisal for filing a grievance, the administrative judge appears to have relied on the agency's evidence in finding that the appellant did not clearly show she filed a grievance. ID at 8. After the issuance of the initial decision, the U.S. Court of Appeals for the Federal Circuit clarified that the Board may not deny jurisdiction in an IRA appeal by crediting the agency's interpretation of the evidence as to whether the appellant nonfrivolously alleged a protected disclosure or activity. *Hessami v. Merit Systems Protection Board*, [979 F.3d 1362](link), 1368-69 (Fed. Cir. 2020). However, the administrative judge alternatively found that, even if the appellant had filed a grievance, she did not nonfrivolously allege that such activity was protected under [5 U.S.C. § 2302](link)(b)(9)(A)(i). ID at 8; *see Young v. Merit Systems Protection Board*, [961 F.3d 1323](link), 1329 (Fed. Cir. 2020). Accordingly, any error in the administrative judge's initial finding was harmless. *Panter v. Department of the Air Force*, [22 M.S.P.R. 281](link), 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.